**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILLIE CHARLES LANG JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-637-R** |
| | ) | |
| **7-ELEVEN, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration [Doc. No. 28]. Plaintiff asks the Court to either vacate its July 2, 2026 Order [Doc. No. 27] in which the Court denied Plaintiff's Motion to Compel Clerk to Transmit Orders; For Alternative Notice Procedures; and For Extension of Deadlines [Doc. No. 25], or, in the alternative, to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

Rule 59(e) does not apply here because the Court has not yet entered judgment. *See Flanagan v. City of Okla. City*, No. CIV-07-674-F, 2008 WL 11338134, at *1 (Mar. 11, 2008) (citing FED. R. CIV. P. 59(e)). However, Plaintiff's Motion is reviewable under FED. R. CIV. P. 54(b) as reconsideration of an interlocutory order. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Rule 54(b)). The review of an interlocutory order is guided by the same standards as a motion to alter or amend a judgment under FED. R. CIV. P. 59(e). *Carbajal v. Lucio*, 832 F. App'x 557, 569 (10th Cir. 2020). The grounds supporting reconsideration are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

1

injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The purpose of a motion to reconsider is not "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In this instance, Plaintiff suggests new evidence previously unavailable supports his Motion for Reconsideration. On July 1, 2026, Plaintiff filed a Motion to Compel Clerk to Transmit Orders; For Alternative Notice Procedures; and For Extension of Deadlines [Doc. No. 25], arguing the Court Clerk failed to mail him a copy of the Court's June 18th Order [Doc. No. 23] denying Plaintiff leave to serve via electronic mail. Plaintiff requested relief related to "the Clerk's Office's repeated failure to transmit court orders via U.S. Mail." In its Order denying such relief [Doc. No. 27], the Court responded to Plaintiff's claims that the Court Clerk had failed to properly mail orders by stating:

> However, the record reflects this Court's June 18th Order was properly mailed to the address on record for Plaintiff [See Staff Notes, Doc. No. 23; Doc. No. 26], which is the same address Plaintiff references in the at-issue Motion to Compel. Nevertheless, that mailing was returned as undeliverable. Doc. No. 26.

In light of the record, the Court denied Plaintiff's requested relief on July 2, 2026 [Doc. No. 27], and on that same day, a *new* mailing was initiated: the Court Clerk mailed Plaintiff (1) a *new* copy of the June 18th Order [Doc. No. 23] and (2) the Court's July 2nd Order [Doc. No. 27]. This is reflected in the record. *See* Staff Notes, Doc. No. 27.

Now, Plaintiff asserts that on July 8, 2026, he received "the very mail that the Clerk had represented to this Court as 'returned undeliverable.'" He includes as an attachment a copy of the envelope he received on July 8, 2026, reflecting that the mailing he received that day was, as the record confirms, mailed on July 2, 2026 [Doc. No. 28-1]. Plaintiff

2

claims that this mailing was the mailing the Court Clerk stated was returned as undeliverable [Doc. No. 26], and argues the Court must reconsider its Order denying Plaintiff relief because it based its decision on the false factual premise that the Court Clerk has been properly mailing copies of the Court's Orders to Plaintiff at his last known address.

But the record is clear: the Court Clerk *did* mail a copy of the June 18th Order on the same day the Order was entered [Staff Notes, Doc. No. 23], but such a mailing was returned as undeliverable on July 1, 2026 [Doc. No. 26]. As a courtesy to Plaintiff, the Court Clerk re-mailed a copy of the July 18th Order along with a copy of the July 2nd Order to Plaintiff at his last known address, and he represents that he received those copies on July 8, 2026. This is not new evidence previously unavailable that merits this Court's reconsideration of its July 2nd Order.

At this time, the Court sees no cause for Rule 54(b) relief. The record reflects the Court Clerk has properly mailed Plaintiff copies of this Court's Orders. Plaintiff's Motion for Reconsideration [Doc. No. 28] is therefore DENIED.

IT IS SO ORDERED this 14th day of July, 2026.

David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE